CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2013

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. TAYLOR, | ) | Civil Action No. 7:13-cv-00372 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPT OF SOCIAL SERVICES, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Christopher A. Taylor, a Virginia inmate proceeding *pro se*, filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*,[1] against the Department of Social Services. Taylor alleges that he has "been denied numerous things" because of his drug charges. He complains that, after being locked up "numerous times" and for "numerous years," he is being held responsible for "back child support"; that he is "being incarcerated numerous times" because of his "inability to get a job"; that no one will hire him because of "the laws of government against small businesses"; and that he was denied the opportunity to attend the funeral of his children's mother. Taylor states that he "feel[s] that [he]'ll [n]ever be able to be a part of society because of these issues."

Although he purports to bring this action under the ADA, Taylor has not identified any specific disability that is the basis for any alleged discrimination by the defendant, he has not produced any evidence that he was otherwise qualified to receive certain services or was excluded from employment, and he has not alleged the defendant's role in any ADA violation. Accordingly, the court finds that Taylor has failed to state a claim upon which relief may be granted and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 14th day of August, 2013.

United States District Judge

---

[1] On his Civil Cover Sheet, Taylor indicates that the nature of his suit is under the ADA, specifically as it relates to employment. See ECF No. 1, Attach. 1.